UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EFREN JAMES JAMIR and ERICA JAMIR, husband and wife, and the marital community composed thereof,<br><br>Plaintiff,<br><br>v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, an insurance company,<br><br>Defendant. | CASE NO. C10-569RSM<br><br>ORDER |

This matter is before the Court for consideration of defendant's motion for partial summary judgment regarding plaintiffs' claims under RCW 48.30.015. Dkt. # 15. Defendant asks for dismissal of plaintiffs' claims for failure to comply with the named statute, and plaintiff has opposed the motion. For the reasons set forth below, the motion shall be denied.

BACKGROUND

Plaintiffs filed this action in King County Superior Court, asserting that defendant improperly denied their claim for insurance coverage following a fire that damaged their

residence. The original complaint asserted claims of breach of contract, bad faith, violation of certain provisions of the Washington Administrative Code, and violation of the Washington Consumer Protection Act ("CPA"). Dkt. # 1-3. Defendant timely removed the case to this Court. Shortly after removal, and before defendant filed an answer, plaintiff filed an amended complaint, adding a new claim under the Washington Insurance Fair Conduct Act, RCW 48.30.015. Defendant's motion seeks dismissal of this claim for failure to comply with the notice requirement set forth in the statute.

## DISCUSSION

The Washington Insurance Fair Conduct Act ("IFCA") provides for an award of up to three times the amount of actual damages, plus attorney's fees, where an insurer has unreasonably denied coverage to an insured. The statute states, in relevant part,

> **Unreasonable denial of a claim for coverage or payment of benefits.**
>
> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
>
> (2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.
>
> (3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.
>
> . . . .
>
> (6) This section does not limit a court's existing ability to make any other determination regarding an action for an unfair or deceptive practice of an insurer or provide for any other remedy that is available at law.

1     . . . .

2     (8)(a) Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.

    (b) If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice.

    (c) The first party claimant may bring an action after the required period of time in (a) of this subsection has elapsed.

    (d) If a written notice of claim is served under (a) of this subsection within the time prescribed for the filing of an action under this section, the statute of limitations for the action is tolled during the twenty-day period of time in (a) of this subsection.

RCW 48.30.015.

    Plaintiffs filed this action in state court on March 2, 2010.   On March 19, 2010, plaintiffs sent the notice required by RCW 48.30.015(8)(a).  The notice was sent by mail to defendant and to the Office of Insurance Commissioner.  Declaration of Jennifer Dinning, Dkt. # 16-2, Exhibit C.  Defendant date-stamped the notice "received" on March 24, 2010.  *Id*.  Plaintiff's amended complaint bearing the new claim under IFCA was filed April 19, 2010.  Dkt. # 6.

    Defendant contends the IFCA claim in the amended complaint must be dismissed because plaintiffs did not provide the twenty-day notice before filing the original complaint. However, since the original complaint did not include an IFCA claim, no notice was required at that time.  Section (6) of the statute clearly recognizes that common law and other claims not brought pursuant to the IFCA are not subject to the notice requirement.

    Defendant would have the Court read section (8)(a) to state that "twenty days before filing an action . . .  a first-party claimant must provide written notice. . ."   That is not the

1 language of the statute.  The statute is clear on its face that the notice need only be filed twenty

2 days before filing "an action **based on this section**. . . ."  Plaintiff's action was not "based on

3 this section" until April 19, 2010 when they amended their complaint to include a claim under

4 the IFCA.

5       Defendant's dismissal argument is based on a distinction between a "claim" and an

6 "action" which is not meaningful in this context.  Plaintiffs did provide the twenty-day notice of

7 their IFCA claim before amending their complaint to include that claim.  Defendant's motion for

8 partial summary judgment on the IFCA claim (Dkt. # 15)  is accordingly DENIED.

9       In light of this ruling, the Court does not reach the parties' constitutional arguments based

10 on *Waples v. Yi*, 169 Wash. 2d 152 (2010).

12       Dated December 3, 2010.

                                              RICARDO S. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE